IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| KAREN WAGNER FKA KAREN BANKS ) <br> 539 April Drive ) <br> Shelby, North Carolina 28152 ) <br> ) <br> and ) <br> ) <br> JOSEPH ROCCO ) <br> 343 Lafayette Road ) <br> Medina, Ohio 44256 ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> FCA US LLC Stellantis. ) <br> 9777 Mopar Drive ) <br> Streetsboro, Ohio 44241 ) <br> ) <br> Defendant. ) | CASE NO. 1:22 CV 1449 <br><br> JUDGE: **JUDGE CALABRESE** <br><br> **MAG. JUDGE GREENBERG** <br><br> **COMPLAINT** <br> **(JURY DEMAND ENDORSED HEREON)** <br><br> FILED <br> AUG 15 2022 <br> CLERK, U.S. DISTRICT COURT <br> NORTHERN DISTRICT OF OHIO <br> CLEVELAND |

## SUMMARY OF CLAIMS

1. Plaintiffs seek recovery under R.C. 4112 and the Age Discrimination in Employment Act of 1967 for the losses they sustained because of Defendant's discriminatory treatment and termination of their employment because of their age.

## JURISDICTION AND VENUE

2. This case includes federal claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*.

3. The claims set forth herein arose in Lake County, Ohio.

4. Plaintiff Karen Wagner received a right to sue letter from the Ohio Civil Rights Commission on April 28, 2022 and from the Equal Employment Opportunity Commission on July

7, 2022.

5. Joseph Rocco received a right to sue letter from the Equal Employment Opportunity Commission on May 16, 2022.

## THE PARTIES

6. Plaintiff Karen Wagner (hereinafter "Ms. Wagner") is a citizen of the State of North Carolina and at all pertinent times was an employee of Defendant.

7. Plaintiff Joseph Rocco is a citizen of the State of Ohio and at all pertinent times was an employee of Defendant.

8. Defendant FCA US LLC Stellantis. (hereinafter "FCA" or "Defendant") is a foreign limited liability company doing business in the State of Ohio.

## FIRST CLAIM FOR RELIEF - AGE DISCRIMINATION

9. Defendant employed Ms. Wagner and Mr. Rocco, who were at all pertinent times over the age of forty, from September 21, 2020 until they were terminated effective January 28, 2021.

10. Plaintiffs worked full-time for Defendant picking Chrysler automobile parts at Defendant's warehouse in Streetsboro, Ohio.

11. Plaintiffs were primarily assigned to retrieve parts from the racks whereas workers that were substantially younger were mainly assigned to pick parts from the bins where the parts were smaller and lighter;

12. Employees assigned to work on the bins were therefore able to achieve a higher production rate.

13. Substantially younger employees received significantly more training than did Plaintiffs and were permitted to take longer breaks. .

2

14. Plaintiffs were hard workers, did not call off, never received written warnings prior to their terminations, and passed their ninety day probationary period.

15. In November, 2020 Ms. Wagner's supervisor informed her that she needed to pick up speed and showed her a paper with three dates that supposedly showed she had worked below production levels, but those dates referred to other employees. .

16. When Ms. Wagner reviewed her production on the computer, it showed that she was working within the required production level. .

17. On January 28, 2021, Defendant presented Ms. Wagner with a written warning stating falsely that she had failed to exert normal effort on the job and/or was sleeping on the job, and had failed to follow instructions of management.

18. Defendant terminated Ms. Wagner immediately after she received the foregoing warning.

19. Mr. Rocco received an oral evaluation in December, 2020 at which Defendant informed him that he was doing well and was at 100% production rate.

20. On January 28, 2021, Defendant terminated Mr. Rocco for ostensibly not following instructions a second time and for conducting himself unsafely.

21. Prior to January 28, 2021, Mr. Rocco was never informed by Defendant that he had not followed instructions and had never received a written warning to that effect.

22. Like Ms. Wagner, Mr. Rocco received a written warning at the same time he was terminated which stated falsely that he was sleeping on the job, had not exerted normal effort on the job, and had not followed instructions.

23. While Mr. Rocco did not proceed correctly one time when performing his job, this

3

occurred on January 28, 2021 approximable two minutes before he was called into the office, received a written warning, and was terminated.

24. Ms. Wagner and Mr. Rocco were the oldest workers on their shift.

25. Defendant retained the two substantially younger employees who were hired after Ms. Wagner and Mr. Rocco were employed by Defendant.

26. Defendant terminated Ms. Wagner because of her age in violation of R.C. 4112.02 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*

27. Defendant terminated Mr. Rocco because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*

28. As a direct and proximate result of the foregoing discriminatory conduct of Defendant, Ms. Wagner sustained lost past and future income and benefits, and emotional distress.

29. As a direct and proximate result of the foregoing discriminatory conduct of Defendant, Mr. Rocco sustained a loss of past and future income and benefits.

30. Defendant's actions were willful, malicious, and in reckless disregard for Ms. Wagner's legal rights, and are of the nature for which Ms. Wagner is entitled to recover from Defendant punitive damages.

31. Defendant's actions were willful entitling Ms. Rocco and Ms. Wagner to liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Honorable Court to grant judgment on their discrimination claim against Defendant, and specifically request the following, pursuant to R.C. 4112 and the Age Discrimination in Employment Act of 1967:

a) Monetary damages including past and future lost wages and benefits in excess of $25,000;

b) Compensatory damages in an amount that will fully compensate Plaintiff Ms. Wagner for all the emotional distress she has sustained;

c) Liquidated damages;

d) Punitive damages in the case of Plaintiff Ms. Wagner;

e) Attorneys fees and costs;

f) Pre-judgment interest;

g) Post-judgment interest; and

h) Such other and further relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

*/s/ Sandra J. Rosenthal*
SANDRA J. ROSENTHAL, Esq. (0040215)
25423 Cardington Drive
Beachwood, Ohio 44122
(216) 696-9936
Fax 216-820-9427
E-mail br25423@aol.com

Attorney for Plaintiffs

## JURY DEMAND

Plaintiff Karen Wagner hereby demands a trial by jury in the maximum number of jurors permitted by law.

*/s/ Sandra J. Rosenthal*
Sandra J. Rosenthal, Esq. (0040215)

Attorney for Plaintiff